Upon review of the competent evidence of record, and finding no good grounds to receive further evidence or rehear the parties or their representatives, the Full Commission, upon reconsideration of the evidence, affirms with minor modifications, the Opinion and Award of the deputy commissioner.
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. Plaintiff alleges that he was injured on 20 June 1997.
2. On 20 June 1997, the employee-employer relationship existed between plaintiff and defendant-employer and the parties were bound by and subject to the provisions of the North Carolina Workers Compensation Act.
3. On said date, Freightliner Corporation was a self-insured employer.
4. Plaintiff was earning $12.15 an hour at the time of his alleged injury and had an average weekly wage of $500.00.
5. Plaintiff alleges that he is entitled to continuing temporary total disability benefits, as of 21 June 1997, and permanent partial disability benefits.
6. Pursuant to Freightliners employer-sponsored disability plan, plaintiff received $510.20 per week in short-term disability benefits between 30 June 1997 and 21 August 1997, and $236.94 per week in net long-term disability benefits between 20 August 1997 and 31 January 1998.
In addition, the parties stipulated into evidence twenty-nine pages of medical records and reports. The Pre-Trial Submission, dated 18 August 1998, is incorporated by reference.
***********
Based upon all of the competent evidence in the record, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the hearing before the deputy commissioner, plaintiff was a forty-five year old high school graduate, who began working for defendant-employer in March 1997 in the plate shop. Plaintiff was hired as a shearer operator, a position which involved cutting large pieces of steel according to specifications. A crane or tow motor was used to bring metal stacks to the machines. Some of the machines were operated by one person, and plaintiff was usually assigned to one of these machines. However, there were larger machines that two people operated due to the size of the steel sheets being cut.
2. The S01 machine was a large machine that two people operated. The S01 was used to shear pieces of metal which were at least four feet by ten feet in size or larger. The metal sheets were too large and heavy to be lifted manually, so a "jib crane was designated for use with the S01 machine. The jib crane used a suction device to lift the metal off of the stack. The operators would then grasp a handle to maneuver the sheet into the correct position before lowering it with the crane.
3. Plaintiff alleged that on 20 June 1997, he was assigned to the S01 machine and that his assigned co-worker was absent from work that day. Plaintiff alleged that he used a screw driver to lift the edge of a sheet of metal from the stack and was attempting to slide the sheet manually onto the table when he felt a sharp pain in his lower back. Plaintiff did not report the alleged injury on that day. On the following Monday morning, plaintiff claimed that he reported the injury to his supervisor, James McKee, and also advised Mr. McKee that he was unable to work that day because of the injury.
4. When plaintiff called the plant on Monday morning, plaintiff told his supervisor that he was sick. Plaintiff did not mention a back injury or back problem. On 24 June 1997, plaintiff again reported to his supervisor that he was sick. At that time, the supervisor suggested that plaintiff see a doctor. Plaintiff went to the emergency room later that day with complaints of pain in his back radiating down his left leg. Plaintiff advised hospital personnel that he did not remember any specific injury, but thought that his pain may have started the previous Friday.
5. On 26 June 1997, plaintiff was examined by Alan Clark, M.D. Plaintiff informed Dr. Clark that he woke up Saturday morning with severe low back pain, that he worked at a metal shop moving heavy objects, and that he felt he had hurt his back at work. Dr. Clark diagnosed plaintiff with a herniated disc at L5-S1. Plaintiffs statements to Dr. Clark were inconsistent with his testimony that he sustained an injury during a specific incident.
6. On 7 July 1997, plaintiff advised his supervisor of an alleged back injury at work. At that time, defendant-employer sent plaintiff an Accident Report Form and Medical Leave of Absence Form to complete. Under the "Date Reported section of the Accident Report Form, plaintiff listed 23 June 1997 as the date that he reported the back injury to his supervisor. Plaintiff indicated on both forms that he was "lifting metal off of a stack onto a table when he was hurt.
7. Plaintiffs supervisor testified at the hearing before the deputy commissioner that it was possible for an employee to manually slide one sheet of metal needed for the S01 machine. Although plaintiffs description of how the alleged traumatic incident occurred is plausible, it is not accepted as credible. Plaintiff did not report a work-related injury when it allegedly occurred and did not report it to his supervisor on 23 June 1997. He did not descibe a specific lifting injury to his treating doctors.
8. Plaintiff has not proven that he sustained a herniated disc on 20 June 1997 as the result of either a specific traumatic incident of the work assigned or an injury by accident arising out of and in the course of his employment.
***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Plaintiff failed to prove that he sustained an injury by accident arising out of and in the course of his employment with defendant-employer, or a specific traumatic incident of the work assigned on 20 June 1997. G.S. 97-2(6).
2. Plaintiff is not entitled to benefits under the Act for his herniated disc. G.S. 97-2(6).
***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Plaintiffs claim for compensation under the Act is DENIED.
2. Each side shall pay its own costs.
 S/_______________ RENÉE C. RIGGSBEE COMMISSIONER
CONCURRING:
S/_______________ DIANNE C. SELLERS COMMISSIONER
DISSENTING:
S/_______________ CHRISTOPHER SCOTT COMMISSIONER